UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

TERRANCE TIPPINS, SHANTELL TIPPINS,                    **COMPLAINT**
and JOSHUA TIPPINS,

                                                       **15 Civ. No.**

                                    Plaintiffs,        **ECF Case**

                                                       **Jury Trial Demanded**

                        - against –

THE CITY OF NEW YORK; Police Officer
NICHOLAS DERLETH, Tax No. 952668,
in his individual and official capacity;
Police Officers JOHN DOES (whose identities
are unknown but who are known to be police
officers and/or supervisory personnel of the
New York City Police Department); in their
individual and official capacities,

                                    Defendants,

---------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.      This civil rights action is brought in response to the violent acts of police abuse

against Plaintiffs Terrance Tippins, Shantell Tippins, and Joshua Tippins (collectively

"Plaintiffs").  Plaintiffs seek relief for the Defendants' violations of their rights as secured by the

Civil Rights Act, 42 U.S.C § 1983, and their rights secured by the Fourth and Fourteenth

Amendments to the Constitution of the United States, and the laws of the State of New York.

Plaintiffs were deprived of their constitutional and common law rights when the individual

defendants invaded the sanctity of plaintiffs' home without just cause or lawful authority,

utilized excessive force and committed unwarranted and malicious assaults on plaintiffs,

unlawfully confined them, and caused the unjustifiable arrest and prosecution of plaintiffs Terrance Tippins and Joshua Tippins.

## JURISDICTION AND VENUE

2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3.       Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

4.       Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c), and because the claims arose and Plaintiffs reside in this district.

## JURY DEMAND

5.       Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## NOTICE OF CLAIM

6.       Plaintiffs timely filed Notices of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiffs' claims against Defendant City of New York.

7.       The City assigned a claim number to Plaintiffs' claims, and Plaintiffs were subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on January 8, 2015.

8.     To date, no answer has been received by Plaintiffs and no compensation has been offered by Defendant City of New York in response to this claim.

9.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## PARTIES

10.     Plaintiffs TERRANCE TIPPINS, SHANTELL TIPPINS, and JOSHUA TIPPINS, are all African-American residents of Queens County in the City and State of New York.

11.     Defendant New York City Police Officer NICHOLAS DERLETH, Tax Registration No. 952668, is and/or was at all times relevant herein, an officer, employee, and agent of the New York City Police Department ("NYPD").  Police Officer Derleth is being sued in his individual and official capacities.

12.     Defendant Police Officers JOHN DOES ("John Does") are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City.  Officer Does are being sued in their individual and official capacities.

13.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which

3

acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

15.     Plaintiffs reside at 109-32 143rd Street in Jamaica, New York.

16.     On the afternoon of July 5, 2014, plaintiff Shantell Tippins ("Shantell") was at a barbeque on Long Island, New York with family members. Her son, Joshua Tippins ("Joshua") left the house around noon and went to an Independence Day barbeque across the street from the family home.

17.     When Joshua left the house, his uncle, Terrance Tippins ("Terrance") was the only individual in the home.

18.     In the early evening hours of July 5, 2014, an acquaintance of Terrance's arrived at the Tippins residence and subsequently fell asleep on the living room couch.

19.     At approximately 8:50 p.m. on July 5, 2014, Terrance was in the upstairs bathroom when he heard a loud knock on the front door and went downstairs to answer it.

20.     When Terrance opened the front door, he saw approximately ten to fifteen uniformed police officers on his property.

21.     Defendants Derleth and uniformed Police Officers John Does demanded entry into the Tippins residence. The defendant police officers did not indicate possession of an arrest and/or search warrant.

22.     Terrance lawfully refused police entry into his home and shut the front door.

4

23.     Approximately ten minutes later, at or about 9 p.m., Shantell arrived home and saw multiple marked police cars and police vans on the street, and approximately fifteen uniformed police officers standing in her front yard.

24.     Shantell walked into her front yard and inquired as to the situation.

25.     A John Doe police officer told Shantell that they were responding to a 911 call about a male on the sidewalk in front of 109-30 143rd Street, the house next door to the Tippins residence, requiring medical attention.

26.     Shantell did not observe anyone requiring medical attention on the sidewalk when she arrived home.

27.     The John Doe police officer told Shantell that the individual was inside her house.

28.     Shantell then walked up the front steps, knocked on the front door and asked her brother Terrance to open the door.  She did not have her house keys because she had previously givrn them to her son, Joshua Tippins.

29.     Terrance complied with his sister's request and opened the front door.

30.     When Terrance opened the door, he saw multiple police officers standing on the landing and steps behind Shantell.

31.     Terrance stood in the doorway as Shantell entered the house and walked into the living room.  Once again, defendant police officers demanded entry into the house.  Terrance lawfully refused.

32.     The defendant police officers who were standing on the steps and landing outside the front door then reached across the threshold of the home, grabbed Terrance by his arms and legs, pulled him out of the door frame, and threw him down the front steps.

33.     Terrance landed face down on the concrete at the bottom of the steps.

5

34.     John Doe police officers physically restrained Terrance while he remained on the ground in front of his house, handcuffed him and continued to use unwarranted violent physical force on his neck and back while he was face down on the concrete.

35.     The defendant police officers never asked Terrance to give them his hands to be handcuffed nor did they indicate that he had committed a crime.

36.     At this point, Terrance was having difficulty breathing because a John Doe police officer was pressing his knee into Terrance's back, for no apparent reason.

37.     After Terrance was forcibly pulled from his home, Shantell ran outside and saw her brother lying face down on the concrete at the bottom of the steps. Shocked by what she was witnessing, Shantell began expressing her feelings about what the police were doing to her brother, especially since Terrance had broken no law.

38.     Police officers immediately rounded on Shantell and two uniformed John Doe police officers physically grabbed Shantell, immobilized her, and pulled her down the front steps.

39.     As the police officers were about to throw Shantell to the ground, members of the community who had witnessed these events loudly informed the police officers that Shantell was pregnant.  The police officers stopped what they were about to do and, instead, physically moved Shantell away from the house and placed her on a nearby curb.

40.     As this was occurring, Shantell's son Joshua came home to see his uncle and mother being physically abused by uniformed police officers for no apparent reason.

41.     Joshua shouted that his mother was pregnant and verbally expressed his displeasure about the defendants' treatment of his mother.

42.     Joshua attempted to approach his mother but two uniformed John Doe police officers grabbed him by his arms and shoulders and threw him to the ground.  Joshua landed face down on the concrete.

43.     Joshua was held to the ground by a John Doe officer who had his knee pressed into Joshua's back.

44.     The John Doe officers were yelling at Joshua and telling him to stop resisting arrest.  Joshua told the defendant police officers that his right arm was pinned underneath him and that he was trying to get it out but could not move.

45.     Joshua was immobilized on the ground for approximately five minutes before being lifted off of the ground and handcuffed.  He was placed in a marked police car and transported to the 103rd Precinct.

46.     Terrance was eventually put in a separate marked police car and transported to the 103rd Precinct.  At no point was Terrance told that he was under arrest or that the police officers had an arrest or search warrant, nor was he Mirandized.

47.     Terrance Tippins was arrested and, in a complaint sworn to by defendant Derleth, charged with obstructing governmental administration, resisting arrest, and disorderly conduct.

48.     The criminal complaint filed against Terrance Tippins by defendant Derleth alleged that Terrance blocked the doorway to prevent Derleth and "other officer" from gaining entry.

49.     Terrance Tippins did not block the doorway to prevent entry by Derleth and the unidentified officer.  At no time did Derleth or any other police officer produce a search and/or arrest warrant.  As such, he lawfully denied the defendant police officers entry.

50.     The criminal complaint filed against Terrance Tippins further alleged that Terrance resisted arrest by flailing his arms, twisting his body, kicking his legs, and pushing Derleth, which was physically impossible due to Mr. Tippins being grabbed by officers, immediately thrown to the ground, physically restrained and handcuffed in one fluid action by the police officers involved.

51.     Terrance Tippins did not push or attempt to push Derleth or any of the police officers nor did the officers ask Terrance to give them his hands to be handcuffed.

52.     Plaintiff Terrance Tippins was imprisoned for approximately twenty hours prior to arraignment, where his case was adjourned in contemplation of dismissal for six months pursuant to New York Criminal Procedure Law § 170.55.

53.     Upon his release from custody, Terrance Tippins went to Queens Hospital where he was treated for a broken orbital bone and facial lacerations.  He was prescribed pain medication for two weeks and had to go back to the hospital for follow-up visits.

54.     On January 5, 2015, the criminal prosecution was terminated favorably to Terrance Tippins when the case was dismissed by a judge of the Criminal Court of the City of New York.

55.     The assault on Terrance Tippins by the defendant police officers was in excess of their authority as NYPD officers.  This assault was made without proper cause.

56.     Defendants' conduct caused Terrance Tippins to sustain physical pain and suffering, including a broken orbital bone, and psychological and emotional trauma.  Their actions constituted outrageous and reckless conduct, demonstrated a callous indifference to and willful disregard of Terrance Tippins' federal and state protected rights.

57.     Plaintiff Joshua Tippins was arrested and charged with disorderly conduct.

58.     Plaintiff Joshua Tippins was imprisoned for approximately one hour before he was issued a Desk Appearance Ticket and released to his grandmother's custody.  He had to return to court on September 9, 2014.

59.     Upon information and belief, the criminal prosecution was terminated favorably to Joshua Tippins.

60.     The assault on Joshua Tippins by the defendant police officers was in excess of their authority as NYPD officers.  This assault was made without proper cause.

61.     Defendants' conduct caused Joshua Tippins to sustain physical pain and suffering and psychological and emotional trauma.  Their actions constituted outrageous and reckless conduct, demonstrated a callous indifference to and willful disregard of Joshua Tippins' federal and state protected rights.

62.     Plaintiff Shantell Tippins was detained and unlawfully imprisoned by defendant NYPD officers at her home.  Luckily, she was spared from further assault by the intervention of good Samaritans calling attention to her pregnancy. These traumatic events placed Shantell in fear for her pregnancy as she was experiencing severe pains in her lower abdomen after her interactions with the police. Shantell was transported to Jamaica Hospital by ambulance for treatment.

63.     The unlawful detention of Shantell Tippins by the defendant police officers was in excess of their authority as NYPD officers.  This unlawful detention was made without proper cause.

64.     Defendants' conduct caused Shantell Tippins to sustain physical pain and suffering and psychological and emotional trauma.  Their actions constituted outrageous and

reckless conduct, and demonstrated a callous indifference to and willful disregard of Shantell Tippins' federal and state protected rights.

## FIRST CLAIM FOR RELIEF

### Violation of Terrance Tippins' Fourth Amendment and Fourteenth Amendment Rights

65.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66.    Defendants Derleth and John Does, who were acting in concert and within the scope of their authority, arrested and caused plaintiff Terrance Tippins to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

67.    Plaintiff Terrence Tippins suffered injury as a result of defendants Derleth and John Does conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Shantell Tippins' Fourth Amendment and Fourteenth Amendment Rights

68.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.    Defendants Derleth and John Does, who were acting in concert and within the scope of their authority, arrested and caused plaintiff Shantell Tippins to be imprisoned without probable cause in violation of her right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

70.     Plaintiff Shantell Tippins suffered injury as a result of defendants Derleth and John Does conduct.

### THIRD CLAIM FOR RELIEF

### Violation of Joshua Tippins' Fourth Amendment and Fourteenth Amendment Rights

71.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.     Defendants Derleth and Does, who were acting in concert and within the scope of their authority, arrested and caused plaintiff Joshua Tippins to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

73.     Plaintiff Joshua Tippins suffered injury as a result of defendants Derleth and John Does conduct.

### FOURTH CLAIM FOR RELIEF

### Violation of Terrance Tippins' Fourth Amendment Rights

74.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

75.     The use of excessive force by defendants Derleth and John Does, acting in concert, in grabbing, pulling, pushing, and forcibly restraining plaintiff Terrance Tippins was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

76.     Plaintiff Terrance Tippins suffered injuries as a result of defendants Derleth and John Does conduct.

## FIFTH CLAIM FOR RELIEF

### Violation of Shantell Tippins' Fourth Amendment Rights

77.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

78.     The use of excessive force by defendants Derleth and John Does, acting in concert, in grabbing, pulling, and restraining plaintiff Shantell Tippins was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States.

79.     Plaintiff Shantell Tippins suffered injuries as a result of defendants Derleth and John Does conduct.

## SIXTH CLAIM FOR RELIEF

### Violation of Joshua Tippins' Fourth Amendment Rights

80.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

81.     The use of excessive force by defendants Derleth and John Does, acting in concert, in grabbing, pulling, pushing, and restraining plaintiff Joshua Tippins was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

82.     Plaintiff Joshua Tippins suffered injuries as a result of defendants Derleth and John Does conduct.

## SEVENTH CLAIM FOR RELIEF

### Assault of Terrance Tippins

83.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

84.     Defendants Derleth and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff Terrance Tippins in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to the plaintiff, and that such acts caused reasonable apprehension of such contact in the plaintiff.

85.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for the conduct of Derleth and the unidentified John Doe police officers.

86.     Plaintiff Terrance Tippins suffered injury as a result of defendants Derleth and John Does' conduct.

87.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CLAIM FOR RELIEF

### Assault of Shantell Tippins

88.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

89.     Defendants Derleth and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff Shantell Tippins in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and

13

intentionally engaged in a violent and/or overt menacing act, which threatened such contact to the plaintiff, and that such acts caused reasonable apprehension of such contact in the plaintiff.

90.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for the conduct of Derleth and the unidentified John Doe police officers.

91.     Plaintiff Shantell Tippins suffered injury as a result of defendants Derleth and John Does' conduct.

92.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CLAIM FOR RELIEF

### Assault of Joshua Tippins

93.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

94.     Defendants Derleth and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff Joshua Tippins in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to the plaintiff, and that such acts caused reasonable apprehension of such contact in the plaintiff.

95.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for the conduct of Derleth and the unidentified John Doe police officers.

14

96.     Plaintiff Joshua Tippins suffered injury as a result of defendants Derleth and John Does conduct.

97.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TENTH CLAIM FOR RELIEF

### Battery of Terrance Tippins

98.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

99.     The defendants Derleth and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff Terrence Tippins when they, in a hostile and/or offensive manner unlawfully pulled plaintiff Terrence Tippins from his home, pushed him and threw him to the ground, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

100.    Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

101.    Plaintiff Terrance Tippins suffered injury as a result of defendants Derleth and John Does conduct.

102.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## ELEVENTH CLAIM FOR RELIEF

### Battery of Joshua Tippins

103.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

104.    The defendants Derleth and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff Joshua Tippins when they, in a hostile and/or offensive manner grabbed, pushed and threw plaintiff to the ground, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

105.    Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

106.    Plaintiff Joshua Tippins suffered injury as a result of defendants Derleth and John Does conduct.

107.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWELFTH CLAIM FOR RELIEF

### False Arrest and False Imprisonment of Terrance Tippins

108.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

109.    The acts and conduct of the defendants Derleth and John Does constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff Terrance Tippins and, in fact, confined plaintiff, and plaintiff Terrance Tippins was conscious of the confinement.  Moreover, plaintiff Terrance Tippins did not consent to the confinement and the confinement was not otherwise privileged.

16

110.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

111.     Plaintiff Terrance Tippins suffered injuries as a result of defendants' conduct.

112.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**THIRTEENTH CLAIM FOR RELIEF**

**False Arrest and False Imprisonment of Shantell Tippins**

113.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

114.     The acts and conduct of the defendants Derleth and John Does constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff Shantell Tippins and, in fact, confined plaintiff, and plaintiff Shantell Tippins was conscious of the confinement.  Moreover, plaintiff Shantell Tippins did not consent to the confinement and the confinement was not otherwise privileged.

115.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

116.     Plaintiff Shantell Tippins suffered injuries as a result of defendants' conduct.

117.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FOURTEENTH CLAIM FOR RELIEF**

**False Arrest and False Imprisonment of Joshua Tippins**

118.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

119.     The acts and conduct of the defendants Derleth and John Does constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff Joshua Tippins and, in fact, confined plaintiff, and plaintiff Joshua Tippins was conscious of the confinement.  Moreover, plaintiff Joshua Tippins did not consent to the confinement and the confinement was not otherwise privileged.

120.     Defendants Derleth and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

121.     Plaintiff Joshua Tippins suffered injuries as a result of defendants' conduct.

122.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTEENTH CLAIM FOR RELIEF

### Malicious Prosecution of Terrance Tippins

123.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

124.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States.  Defendants commenced and continued a criminal proceeding against plaintiff Terrance Tippins.  Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiff Terrance Tippins.

18

125.    Plaintiff Terrance Tippins suffered injury as a result of defendants' conduct.

126.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.  Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## SIXTEENTH CLAIM FOR RELIEF

### Malicious Prosecution of Joshua Tippins

127.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

128.    The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States.  Defendants commenced and continued a criminal proceeding against plaintiff Joshua Tippins.  Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, upon information and belief, the criminal proceeding was terminated favorably to plaintiff Joshua Tippins.

129.    Plaintiff Joshua Tippins suffered injury as a result of defendants' conduct.

130.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.  Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## SEVENTEENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision – Plaintiff Terrance Tippins

131.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

132. Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Derleth and John Does, individuals who were unfit for the performance of police duties on July 5, 2014, at the aforementioned location.

133. Plaintiff Terrance Tippins suffered injuries as a result of the conduct of defendant The City of New York.

134. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTEENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision – Plaintiff Shantell Tippins

135. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

136. Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Derleth and John Does, individuals who were unfit for the performance of police duties on July 5, 2014, at the aforementioned location.

137. Plaintiff Shantell Tippins suffered injuries as a result of the conduct of defendant The City of New York.

138. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINETEENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision – Plaintiff Joshua Tippins

20

139.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

140.     Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Derleth and John Does, individuals who were unfit for the performance of police duties on July 5, 2014, at the aforementioned location.

141.     Plaintiff Joshua Tippins suffered injuries as a result of the conduct of defendant The City of New York.

142.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWENTIETH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress – Plaintiff Terrance Tippins

143.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

144.     Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

145.     Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff Terrance Tippins.

146.     The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff Terrance Tippins and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

147.     As a result of the foregoing, plaintiff Terrance Tippins was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damages and injured.

148.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### TWENTY-FIRST CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress – Plaintiff Shantell Tippins

149.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

150.     Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

151.     Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff Shantell Tippins.

152.     The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff Shantell Tippins and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

153.     As a result of the foregoing, plaintiff Shantell Tippins was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

154.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### TWENTY-SECOND CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress – Plaintiff Joshua Tippins

22

155.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

156.    Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

157.    Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff Joshua Tippins.

158.    The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff Joshua Tippins and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

159.    As a result of the foregoing, plaintiff Joshua Tippins was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

160.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWENTY-THIRD CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress – Plaintiff Terrance Tippins

161.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

162.    Defendants' conduct, in assaulting and battering Plaintiff Terrance Tippins, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff Terrance Tippins.

163.     The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff Terrance Tippins and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

164.     As a result of the foregoing, plaintiff Terrance Tippins was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

165.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWENTY-FOURTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress – Plaintiff Shantell Tippins

166.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

167.     Defendants' conduct, in assaulting Plaintiff Shantell Tippins, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff Shantell Tippins.

168.     The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff Shantell Tippins and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

169.     As a result of the foregoing, plaintiff Shantell Tippins was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

170.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWENTY-FIFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress – Plaintiff Joshua Tippins

171.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

172.     Defendants' conduct, in assaulting and battering Plaintiff Joshua Tippins, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff Joshua Tippins.

173.     The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff Joshua Tippins and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

174.     As a result of the foregoing, plaintiff Joshua Tippins was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damages and injured.

175.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE

176.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

177.     The acts of the individual Defendants were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiffs, without regard for Plaintiffs' well-being, and were based on a lack of concern and ill-will towards Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs TERRANCE TIPPINS, SHANTELL TIPPINS, and JOSHUA TIPPINS pray for relief as follows:

A.     That the jury find and the Court adjudge and decree that plaintiffs TERRANCE TIPPINS, SHANTELLE TIPPINS, and JOSHUA TIPPINS shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B.     That the plaintiffs recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C.     That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated:          October 2, 2015
                Hempstead, New York

                                        **BRILL LEGAL GROUP, P.C.**

                                        By: _____/s/_____
                                            **Peter E. Brill (PB0818)**

                                        By: _____/s/_____
                                            **Harleigh S. Tensen (HT7795)**
                                            64 Hilton Avenue
                                            Hempstead, NY 11550
                                            (516) 206-2002

                                        *ATTORNEYS FOR PLAINTIFFS*